

**FILED**
**Apr 25, 2024**
**08:48 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT MEMPHIS**

| | | |
|---|---|---|
| **KENNETH M. JONES,** | ) | **Docket No.: 2022-08-1014** |
| **Employee,** | ) | |
| **v.** | ) | |
| **VALERO MEMPHIS REFINERY,** | ) | |
| **Employer,** | ) | **State File No.: 15005-2022** |
| **And** | ) | |
| **ACE AMERICAN INS. CO.,** | ) | |
| **Carrier.** | ) | |
| | ) | |
| | ) | **Judge Shaterra R. Marion** |

---

**EXPEDITED HEARING ORDER GRANTING BENEFITS**
**IN PART**

---

The Court held an expedited hearing on April 18, 2024, on Mr. Jones's request for medical benefits for his wrist and hand injury. He also requested temporary disability benefits despite the fact he has not missed work due to his alleged injury. Valero argued that Mr. Jones received all treatment that the law affords for his injury.

Upon consideration of the evidence and the positions of the parties, the Court grants Mr. Jones's request to return to the doctor but denies his request for temporary disability benefits.

### History of Claim

Mr. Jones alleged he injured his wrists and hands when he fell at work on May 16, 2021. After the injury, he stopped doing any sort of outside or physical work. However, a few months after the injury, when picking up bags at home, he testified that he felt symptoms in his hands. He knew then that he had a problem stemming from his work-related injury.

Mr. Jones requested medical treatment, and Valero provided a panel from which he selected Dr. Christian Fahey. Dr. Fahey ordered x-rays that showed no objective evidence

1

of injury. He diagnosed a hand and wrist contusion and recommended home exercises. He also placed Mr. Jones at maximum medical improvement in February 2022 and noted that he could return "PRN."

Mr. Jones testified he then saw a Dr. Weller on his own.[1] He stated Dr. Weller performed two injections and ordered an MRI.

Mr. Jones also testified that Dr. Weller referred him back to Dr. Fahey, but Valero would not authorize the visit. According to Mr. Jones, he still experiences pain in his hands and wrists.

Dr. Fahey testified that he has not seen Mr. Jones since releasing him and does not have any additional treatment to offer him. Further, he does not anticipate Mr. Jones needing any future medical care. Therefore, Valero argued that Mr. Jones received all the medical benefits he is entitled for his work injury.

As to temporary disability benefits, Mr. Jones testified that he did not miss work after his injury.

### Findings of Fact and Conclusions of Law

Mr. Jones has the burden of proving he is likely to prevail at a hearing on the merits on his claim for medical and temporary benefits for an alleged wrist and hand injury. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

On the issue of medical benefits, Valero argued that Mr. Jones did not establish entitlement to additional treatment because Dr. Fahey testified he had nothing more to offer him. In other words, Valero seeks a ruling that Mr. Jones has no further right to medical benefits.

By law, parties may settle the issue of future medical benefits if a judge reviews and approves the settlement. Tenn. Code Ann. § 50-6-240(d). But "[u]nless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017). This is especially true for interlocutory hearings and where the employer accepted the claim as compensable. *Id.* at *9.

---

[1] The parties did not submit Dr. Weller's records into evidence.

Here, the Court has not terminated Mr. Jones's benefits by approval of a settlement between the parties. Further, this hearing seeks interlocutory relief. Although Dr. Fahey stated that he has no additional treatment to offer Mr. Jones, his opinions are based on diagnostic testing and an examination dating back two years. Mr. Jones credibly testified that he has continuing pain from his work injury. "An employee's assessment as to his or her own physical condition is competent testimony that is not to be disregarded." *Id.* at *6.

Therefore, Mr. Jones showed that he will likely prevail at trial is establishing his entitlement to reasonable and necessary medical treatment causally related to his work injury, which includes a return visit to his authorized treating physician, Dr. Fahey.

Turning now to Mr. Jones's claim to temporary disability benefits, the Appeals Board laid out the requirements for eligibility for these benefits in *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). One of those requirements is that the employee show "the duration of the period of disability." *Id.*

Here, Mr. Jones testified he did not miss any time from work. Thus, he is not eligible for temporary disability benefits.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Jones's request for a return visit to Dr. Fahey is granted.

2. Mr. Jones's request for temporary disability benefits is denied.

3. The Court sets **a status conference for June 25, 2024, at 1:00 p.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions as to compliance, contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED April 25, 2024.**



_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Deposition of Dr. Christian Fahey, with exhibits
2. Wage Statement
3. Choice of Physician Form
4. First Report of Injury
5. Referral to hand physical therapy

Marked for Identification Only:
6. Single page medical record without physician signature
7. Fit for duty evaluation

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. First Request for Expedited Hearing, with affidavit
4. Second Request for Expedited Hearing, with affidavit
5. Jan. 23, 2024, Status Order
6. Employer Witness and Exhibit List
7. Employer Response to Hearing on the Record
8. April 10, 2024, Status Order

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 25, 2024.

| Name | Regular Mail | Email | Sent to |
|------|--------------|-------|---------|
| Kenneth Jones, Employee | X | X | 6639 Olivia Forest Road Memphis, TN 38141 kmjoneschamp@gmail.com |
| Donna Wilkerson, Employer's Attorney | | X | dwilkerson@wimberlylawson.com bcopeland@wimberlylawson.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*